UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RYAN JOHNSTON, | : |
| Plaintiff, | : |
| vs. | : CV 11-02269 (DAB) |
| CAPITAL ONE BANK (USA), N.A., | : |
| Defendant. | : |
| | ELECTRONICALLY FILED |

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S
ANSWER, DEFENSES AND COUNTERCLAIM**

COMES NOW Defendant, Capital One Bank (USA), N.A. ("Capital One"), and files its answer, defenses, and counterclaim to Plaintiff's Complaint ("Complaint").

**ANSWER**

In answering the Complaint, Capital One denies all allegations contained in the headings and unnumbered paragraphs in the Complaint. In response to the enumerated paragraphs in the Complaint, Capital One states as follows:

1.  Capital One admits that Plaintiff purports to bring this action for alleged violations of the Fair Credit Billing Act ("FCBA") and New York General Practice § 349, but Capital One denies that it has violated either statute and denies any liability to Plaintiff. Capital One denies the remaining allegations in Paragraph 1.

2.  Paragraph 2 asserts legal conclusions to which no response is required. To the extent a response is required, Capital One states that to the extent that Plaintiff can maintain this action, which Capital One denies, it admits that jurisdiction is proper in this Court.

3. Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 3.

4. Paragraph 4 asserts legal conclusions to which no response is required.

5. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Paragraph 6 asserts legal conclusions to which no response is required. To the extent a response is required, Capital One admits that it is a national banking association, and denies the remaining allegations in Paragraph 6.

7. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Capital One admits that it received an on-line application on or about March 30, 2010. Capital One is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies those allegations.

10. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, denies those allegations.

11. Capital One denies the allegations in Paragraph 11 and further states that Plaintiff completed his on-line application on or about March 30, 2010.

12. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies those allegations.

13. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies those allegations.

16. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Capital One admits that it sent Plaintiff an email on April 2, 2010, and that the contents of the email speak for themselves.

18. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies those allegations.

21. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies those allegations.

23. Capital One admits that it sent an email to Plaintiff on April 6, 2010 and that the contents of the email speak for themselves.

24. Capital One admits that it sent Plaintiff an "Identity Fraud Information Form" and that Plaintiff returned the completed form to Capital One. Capital One states that the letter

referenced in Paragraph 24 speaks for itself. Capital One denies the remaining allegations in Paragraph 24.

25. Capital One admits that it sent Plaintiff a letter dated May 27, 2010 and that the contents of the letter speak for themselves.

26. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies those allegations.

27. Capital One admits that it sent Plaintiff a monthly statement for the May 20-June 19, 2010 time period. Capital One denies the remaining allegations in Paragraph 27.

28. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies those allegations.

29. Capital One admits that it sent Plaintiff a letter dated September 17, 2010 and that the contents of the letter speak for themselves. Capital One denies the remaining allegations in Paragraph 29.

30. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies those allegations.

31. Capital One denies the allegations in Paragraph 31.

32. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies those allegations.

33. Capital One admits that it submitted a response to Plaintiff's Complaint to the New York Attorney General and respectfully refers the Court to the letter for its complete contents. Capital One denies the remaining allegations in Paragraph 33.

34. Capital One admits that it referred the account for collection to Global Credit & Collection Corp. and the law firm of Forster & Garbis. Capital One is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, therefore, denies those allegations.

35. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Capital One reasserts and realleges its responses and defenses as set forth in Paragraphs 1-35 above.

37. Capital One denies the allegations in Paragraph 37, including all subparts.

38. Capital One denies the allegations in Paragraph 38.

39. Capital One reasserts and realleges its responses and defenses as set forth in Paragraphs 1-38 above.

40. Capital One denies the allegations in Paragraph 40.

41. Capital One denies the allegations in Paragraph 41, including all subparts.

42. Capital One is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies those allegations.

43. Capital One denies the allegations in Paragraph 43.

44. Capital One denies the allegations in Paragraph 44.

45. Capital One reasserts and realleges its responses and defenses as set forth in Paragraphs 1-44 above.

46. Capital One denies the allegations in Paragraph 46.

47. Capital One denies the allegations in Paragraph 47.

48. Capital One denies the allegations in Paragraph 48.

49. Capital One denies the allegations in Paragraph 49.

50. Capital One denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" paragraph immediately following Plaintiff's Complaint.

51. Capital One denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

52. Capital One demands a jury trial.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Capital One pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Capital One upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint fails to satisfy all conditions precedent necessary to support a claim under the Fair Credit Billing Act, 15 U.S.C. § 1601 *et seq*.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Capital One, but by another person or entity for whom or for which Capital One is not responsible.

## FOURTH DEFENSE

Capital One has complied with the Fair Credit Billing Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

Plaintiff's claims, and prayers for relief, are barred because Plaintiff has no compensable

damages.

## SIXTH DEFENSE

Plaintiff will be unjustly enriched should he obtain the relief sought in the Complaint.

## SEVENTH DEFENSE

Capital One asserts the terms and provisions of the cardholder agreement between Capital One and Plaintiff.

## EIGHTH DEFENSE

Capital One is entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat Plaintiff's recovery.

## NINTH DEFENSE

Plaintiff has failed to demonstrate that all of the alleged conduct that forms the basis of his claim under NYGBL § 349 occurred solely in the state of New York.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELFTH DEFENSE

Plaintiff's claims are barred by his own breaches of the cardholder agreement.

## THIRTEENTH DEFENSE

Capital One reserves the right to have additional defenses that it learns through the course of discovery.

## COUNTERCLAIM

For its counterclaim against Plaintiff and Counter-Defendant, Defendant and Counter-Plaintiff, Capital One, alleges as follows:

1. Capital One is a national banking association.

2. On information and belief, Plaintiff is an individual residing in Manhattan, New York.

3. This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367.

4. Plaintiff applied for a Capital One credit card account.

5. Based on the receipt of the credit card application, Capital One issued Plaintiff a credit card account and transferred the balance from his American Express credit card to the Capital One card.

6. By obtaining and accepting the Capital One credit card, Plaintiff accepted and was obligated to comply with the terms of the Capital One Bank cardholder agreement associated with the account.

7. The account was opened and Plaintiff has a balance that is unpaid and past due.

8. Capital One has demanded payment, and Plaintiff has failed to make any payment.

9. Plaintiff's failure to make payment on his past due existing balance on the credit card account is a breach of his contract with Capital One.

10. Capital One has been damaged by Plaintiff's breach of contract and is entitled to recover the full amount due and owing on the credit card, to recover all damages allowed under its cardholder agreement, and attorney's fees and costs.

11. Plaintiff accepted the benefit of the balance transfer to the Capital One credit card and it is inequitable for him to retain the benefit of the balance transfer without payment of its value.

12. In the alternative, Plaintiff's receipt and use of this benefit resulted in unjust enrichment.

WHEREFORE, having fully answered Plaintiff's Complaint, Capital One prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Capital One recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(3) That the Court enter judgment in favor of Capital One on its Counterclaim and grant Capital One such relief as the Court deems just and appropriate, including any and all damages, attorney's fees, and costs.

DATED:  August 4, 2011.

KING & SPALDING LLP


/s/ Paul A. Straus_____
Paul A. Straus

1185 Avenue of the Americas
New York, NY 10036
Tel.:  (212) 556-2100
Fax:  (212) 556-2222

Attorneys for Capital One Bank (USA), N.A.